| | |
|---|---|
| CARMELO OCASIO, JR.<br>as ADMINISTRATOR<br>of the ESTATE OF CARMELO GABRIEL<br>OCASIO, DECEASED<br>              Plaintiff<br><br>V.<br><br>CITY OF PHILADELPHIA, ET AL<br>              Defendants | CIVIL ACTION<br><br>No. 24-4798 |

## ORDER

AND NOW, on this _____ day of _____, 2025, upon consideration of Plaintiff's Petition for Leave to Settle or Compromise a Wrongful Death and Survival Action, it is hereby ORDERED and DECREED that the Petitioner, Carmelo Ocasio, Jr., Administrator of the Estate of Carmel Gabriel Ocasio, is authorized to enter into the settlement with the defendants City of Philadelphia and Blanche Carney in the gross sum of Sixty-Five Thousand ($65,000.00) Dollars.

It is further ORDERED and DECREED that the proceeds of this settlement shall be allocated and distributed as follows:

1. The total gross settlement in the amount of $65,000.00 is approved as fair and reasonable.
2. A counsel fee of 1/3 (33 and 1/3%) of the gross is APPROVED.
3. One Hundred (100%) percent of the recovery shall be allocated toward the wrongful death claim and zero (0%) percent shall be allocated toward the survival claim.
4. The specific distribution of the $65,000.00 settlement shall be made as follows:
   a. To: Law Office of Gregory J. Pagano, P.C.
      Reimbursement of Costs                             $      888.30
   b. To: Law Office of Gregory J. Pagano, P.C.
      Counsel Fee equal to 33 and 1/3% of the settlement  $      21,666.67

    c. To: Amaris Milagro Ocasio-Melendez, A Minor – Wrongful Death Benefits
        $    42,445.03

5. Petitioner's counsel is hereby authorized to execute all documentation necessary to open a savings account, from a federally insured bank or savings institutions having an office in Philadelphia County in the sum of $42,445.03 on behalf of Amaris Milagro Ocasio-Melendez.

The savings account shall be titled and restricted as follows:

AMARIS MILAGROS OCASIO-MENENDEZ, a minor, not to be withdrawn before the Minor Reaches the Age of 18, said date being February 18, 2040, or Upon Further Order of this Court.

        BY THE COURT:

        _____
                            J.

| | |
|---|---|
| CARMELO OCASIO, JR.<br>as ADMINISTRATOR<br>of the ESTATE OF CARMELO GABRIEL<br>OCASIO, DECEASED<br>           Plaintiff<br><br>V.<br><br>CITY OF PHILADELPHIA, ET AL<br>           Defendants | CIVIL ACTION<br><br>No. 24-4798 |

**PETITION TO SETTLE WRONGFUL DEATH AND SURVIVAL ACTION**

    Petitioner, Carmelo Ocasio, Jr., Administrator of the Estate of Carmel Gabriel Ocasio, deceased by and through his attorney Henry George, Esq., hereby requests this Honorable Court approve the allocation of the net settlement proceeds between the wrongful death and survival claims.

1. Petitioner Carmelo Ocasio, Jr. is the father and Administrator of the Estate of Carmelo Gabriel Ocasio.

2. Petitioner resides at 7133 Erdrick Street, Philadelphia, PA 19135.

3. On March 28, 2024, Carmelo Ocasio, Jr. was granted Letters of Administration for the Estate of Carmelo Gabriel Ocasio by the City of Philadelphia Office of the Register of Wills. (See copy of Letters of Administration attached as Exhibit "A.")

4. At the time of Decedent's Death, he did not have a will, was unmarried, and had one minor daughter named Amaris Milagros Ocasio-Melendez who is Decedent's intestate heir.

5. Petitioner alleges that on or about September 17, 2022, decedent Carmelo Gabriel Ocasio was incarcerated in the Philadelphia Prison System under the custody of the City of Philadelphia. While incarcerated, the decedent came into possession of controlled substances, namely fentanyl and alprazolam and ingested these drugs causing him to overdose and die. Plaintiff

alleges that that the conduct of Defendants in failing to monitor him, other inmates, and correctional officers at the prison where he was held was the direct and proximate cause of decedent's death. The Defendants, with deliberate indifference, allowed Carmelo Gabriel Ocasio to come into possession of Fentanyl and Alprazolam and ingest these drugs in violation of his Constitutional Rights.

6. At all relevant times, the defendants have denied and continue to deny any liability concerning Petitioner's above-referenced allegations relating to the dispute.

7. Petitioner retained the Law Office of Gregory J. Pagano, P.C. to represent him, as Administrator of the Estate of Carmelo Gabriel Ocasio, regarding the dispute, pursuant to a valid fee agreement concerning the payment of attorney's fees and the reimbursement of expenses directly related to the dispute, in consideration of legal services rendered.

8. The underlying dispute for which this Petition is based upon involved extremely complex legal issues which required extraordinary pre-litigation investigation and research, extensive medical record review and significant preparation by Petitioner's Counsel leading up to this proposed settlement.

9. A proposed settlement of the dispute has been reached with the defendants, in the gross amount of Sixty-Five Thousand ($65,000.00) Dollars.

10. Petitioner is of the opinion that the proposed settlement is fair and reasonable. (See Verification of Carmelo Ocasio, Jr. attached as Exhibit "B.")

11. Petitioner's counsel is of the professional opinion that the proposed settlement is fair, reasonable, and equitable based on a variety of considerations, including the vigorously contested liability, causation, and damages at issue, the alleged economical and non-economical damages involved, and the inherent risks and uncertainties attendant to any jury

trial. (See Verification of Petitioner's Counsel attached as Exhibit "C.")

12. Under Pennsylvania Law, the distribution of the settlement proceeds of wrongful death proceeds are distributed pursuant to the laws of intestacy. *Seymour v. Rossman*, 449 Pa. 515, 522, 297 A.2d 804 (1972) and 20 Pa.C.S § 2201-2225.

13. Pursuant to 42 Pa. C.S. 8301, Pennsylvania;s Wrongful Death statute, Decedent's daughter, Amarais Milagros Ocasio-Melendez, was his wrongful death beneficiary at the time of his death and as such, Pettioner requests that one hundred (100%) percent of the proposed settlement proceeds be awarded as wrongful death benefits and that zero (0%) percent of the proposed settlement proceeds be allocated the Estate to claims under Pennsylvania's Survival Action statute, 42 Pa. C.S. 8302.

14. Petitioner's counsel is unaware of any DHS lien in this matter.

15. Petitioner requests that this Honorable Court approve the allocation of the net settlement proceeds with 100% allocated to the Wrongful Death claim and 0% allocated to the Survival Claim due to the fact that Plaintiff overdosed after ingesting these drugs and did not experience conscious pain and suffering and did not have a lost wage claim. (Attached hereto as Exhibit "C" is a copy of the letter from the Pennsylvania Department of Revenue, approving the requested allocation.)

16. The present petition is being filed pursuant to the United States District Court Rules for the Eastern District of Pennsylvania Rule 41.2. Court approval is required for all actions in which claim is made on behalf of a deceased individual, and therefore, application is hereby made to this Honorable Court for approval of the settlement, the allocation of the funds and the distribution of the settlement proceeds.

17. Counsel has incurred the following expenses for which reimbursement is sought:

|   |                                        |          |
|---|----------------------------------------|----------|
| a. | Philadelphia Register of Wills Estate Fees: | $ 214.25 |
| b. | Fee for autopsy report:                | $60.00   |
| c. | Medical Records YesCare                | $209.05  |
| d. | Court Filing Fee and Service:          | $405.00  |
|   | TOTAL:                                 | **$888.30** |

18. The Law Office of Gregory J. Pagano, P.C. was retained by the Carmelo Ocasio on a Contingent Fee Agreement that originally provided for the contingent fee of forty percent (40%) of the gross recovery, plus reimbursement of costs incurred in connection with the prosecution of this litigation. As a personal courtesy to the family of the Estate of Carmelo Gabriel Ocasio, counsel has agreed to reduce the contingent fee to one third of the gross settlement. Therefore, counsel Henry George, requests counsel fees of gross settlement in the amount of $21,666.67 made payable to "Law Office of Gregory J. Pagano, P.C. (A true and correct copy of the Contingent Fee Agreement is attached hereto, as Exhibit "D.").

19. In support of Plaintiff's counsel's request for approval of the Fee Agreement, counsel submits that the Fee is commensurate with counsel's experience in the field of Civil Rights. Moreover, Counsel handled this matter from its inception through the present point.

20. Counsel has not and will not receive collateral payments as counsel fees for representation involving the same matter from third parties.

21. The terms of the proposed settlement and the manner of distribution have been explained to Petitioner who requests Court approval of this proposed settlement. (See Exhibit "B.")

22. Petitioner's counsel has served a copy of this Petition, all Exhibit and proposed Order on counsel for defendants City of Philadelphia and Blanche Carney, who have agreed to waive all objections thereto.

23. Plaintiff respectfully requests that this Honorable Court approve this settlement, proposed allocation and distribution of proceeds as set forth in the proposed Order attached hereto.

24. WHEREFORE, Petitioner respectfully requests that he be permitted to enter in the settlement recited above, and that the Court enter an Order of Distribution as follows:

| | |
|---|---|
| To: Law Office of Gregory J. Pagano, P.C.<br>Reimbursement of Costs | $ 888.30 |
| To: Law Office of Gregory J. Pagano, P.C.<br>Counsel Fee equal to 33 and 1/3% of the settlement | $ 21,666.67 |
| To: Amaris Milagros Ocasio-Melendez, A Minor – Wrongful Death Benefits | $ 42,445.03 |

Petitioner's counsel is hereby authorized to execute all documentation necessary to open a savings account, from a federally insured bank or savings institutions having an office in Philadelphia County in the sum of $42,445.03 on behalf of Amaris Ocasio.

The savings account shall be titled and restricted as follows:

AMARIS MILAGROS OCASIO-MELENDEZ, a minor, not to be withdrawn before the Minor Reaches the Age of 18, said date being February 18, 2040, or Upon Further Order of this Court.

Respectfully submitted,

Law Office of Gregory J. Pagano, P.C.

BY: _____
HENRY GEORGE, ESQ.
Attorney for Petitioner

# EXHIBIT A

LETTERS OF ADMINISTRATION

**REGISTER'S OFFICE**
PHILADELPHIA COUNTY, PA

N⁰ **A1359-2024**

ESTATE OF **Carmelo Gabriel Ocasio**

Social Security No. **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**

WHEREAS, **Carmelo Gabriel Ocasio** late of **7133 Erdrick Street, Philadelphia, PA 19135**

died on the **18th** day of **September**, **2022**; and

WHEREAS, the grant of letters of administration is required for the administration of said estate.

THEREFORE, I, JOHN P. SABATINA, ESQ., Register for the Probate of Wills and Grant of Letters Testamentary and of Administration, in and for the County of Philadelphia in the Pennsylvania, hereby certify that I have granted Letters of Administration **Commonwealth of**

to **Carmelo Ocasio, Jr**

who ha s duly qualified as **Administrator** of the estate of the above named decedent and ha s agreed to administer the estate according to law, all of which fully appear of record in the Office of the Register of Wills of Philadelphia County, Pennsylvania.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the seal of my office, at Philadelphia, the **28th** day of **March** **2024**

*Deputy Register*

10-36 (Rev. 10/99)

# EXHIBIT B

| | |
|---|---|
| CARMELO OCASIO, JR.<br>as ADMINISTRATOR<br>of the ESTATE OF CARMELO GABRIEL<br>OCASIO, DECEASED<br>　　　　Plaintiff<br><br>　　　V.<br><br>CITY OF PHILADELPHIA, ET AL<br>　　　　Defendants | CIVIL ACTION<br><br>No. 24-4798 |

## AFFIDAVIT OF CARMELO OCASIO, JR.

I, Carmelo Ocasio, Jr. being duly sworn according to law, hereby depose and say:

1. I am the father of Carmelo Gabriel Ocasio.

2. I have been appointed Administrator of the Estate of the Estate of Carmelo Gabriel Ocasio on March 28, 2024 by the Philadelphia Register of Wills.

3. Henry George, Esquire of the Law Office of Gregory J. Pagano is my attorney as Administrator of the Estate and represents the interests of the Estate in the above-captioned matter.

4. I believe that the proposed $65,000.00 settlement with the Defendants as referenced in the Petition is fair, just and reasonable and I approve of the settlement amount pertaining to the claims presented on behalf of the Estate of Carmelo Gabriel Ocasio.

5. I have read the attached Petition for Approval of Settlement of the Wrongful Death and Survival claims, and that the facts set forth in the within paragraphs of the Petition are true and correct to the best of my knowledge, information, and belief.

6. I approve of the proposed Order of Distribution.

7. I am satisfied with the representation provided by Henry George, Esquire of the Law Office of Gregory J. Pagano, P.C.

*Carmelo Ocasio Jr.* (signature)
CARMELO OCASIO, JR.
Administrator of the Estate of Carmelo Gabriel Ocasio

# EXHIBIT C

| | |
|---|---|
| CARMELO OCASIO, JR.<br>as ADMINISTRATOR<br>of the ESTATE OF CARMELO GABRIEL<br>OCASIO, DECEASED<br>        Plaintiff<br><br>        V.<br><br>CITY OF PHILADELPHIA, ET AL<br>        Defendants | CIVIL ACTION<br><br>No. 24-4798 |

## AFFIDAVIT OF HENRY GEORGE, ESQUIRE

I, Henry George, Esquire, being duly sworn according to law, hereby depose and say:

1. I am counsel for Petitioner Carmelo Ocasio and I have fully investigated this matter.

2. A negotiated settlement of the third party claim against all Defendants has been obtained in the amount of Sixty-five Thousand Five Dollars ($65,000.00);

3. It is my professional opinion that the proposed settlement with Defendants in the amount of $65,000.00 is fair, just, and reasonable, under all of the circumstances of this case, and further, the allocation of the settlement funds between the Wrongful Death claim and Survival claim as specified herein is reasonable and appropriate under the circumstances.

4. After consulting with the Administrator of the Estate, Carmelo Ocasio, Jr., I felt that the settlement offer of $65,000.00 under the circumstances was fair and reasonable.

5. The facts set forth above in the foregoing Petition are true and correct to the best of my knowledge, information and belief.

                                            Law Office of Gregory J. Pagano, P.C.

                                  BY: _____
                                            HENRY GEORGE, ESQUIRE
                                            Attorney for Petitioner

# EXHIBIT D

**CONTINGENT FEE AGREEMENT**

I hereby constitute and appoint **Henry George, Esq of the Law Office of Gregory J. Pagano,** as my attorney to prosecute a claim for personal injuries against all responsible parties.

The cause of action arose on 9/17/22

I hereby agree that the compensation of my attorney for services shall be determined as follows:

My attorney shall receive as compensation for his services forty (40%) per cent of the amount derived from any such suit or settlement pre-litigation. All expenses incurred by my attorney for investigation and prosecution of the claim shall be deducted from the amount derived by suit or amicable settlement and repaid. Should no money be recovered by suit or settlement, my attorney shall have no claim against me of any kind for services rendered.

I agree to attend all depositions, meetings, and otherwise cooperate and perform those obligations which will assist my attorney in the successful prosecution of this case.

I understand that my attorney will continue to handle this claim for me as long he deems it advisable, but that my attorney shall have the right to withdraw from the case on appropriate notice. I further understand that before such an event would occur, my attorney would first provide me with thirty (30) days in which to obtain substitute counsel.

If I/we terminate my/our attorneys' services prior to the conclusion of this matter by settlement, award, verdict, or appellate order, I/we understand that I/we must then promptly (1) refund to the attorney all expenses which said attorney has advanced or incurred in prosecuting this/these claim(s), and (2) pay a fee equal to the reasonable value of the services already provided by my/our attorney at the time I/we terminate his services, which may include payment of a contingent fee for any settlement offer now existing, an hourly rate for work performed, or a percentage share of nay counsel fee arising from a final settlement of the claim.

I understand that other governmental entities may assert a claim against proceeds in this matter including claims from governmental entities such as Social Security Administration or Department of Public Welfare. My attorney shall satisfy any valid and enforceable subrogation claim asserted by any governmental agency prior to distribution of funds to the extent known by my attorney at the time of settlement, distribution or verdict.

I understand that other subrogation interests may relate to this claim including claims by other insurers such as Worker's Compensation carriers. Disability insurance carriers or any other insurance carrier which may have an enforceable subrogation right. My attorney shall satisfy any enforceable subrogation claim asserted from payment of proceeds prior to distribution of funds to the extent known by my attorney at the time of settlement, distribution or verdict.

I hereby acknowledge receipt of a duplicate copy of this Contingent Fee Agreement.

Dated: 12/13/22                                                   *Carmelo Ocasio Sr.*
                                                                              Carmelo Ocasio Sr.